

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00233-CR

---

CHRISTINA STARR SETTLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 34018B, Honorable Titiana Frausto, Presiding

---

July 24, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Christina Starr Settle, appeals from her conviction for theft of property of a value less than $2,500 with two or more previous convictions of theft, a state jail felony.[1]  Her court-appointed appellate counsel has filed an *Anders*[2] brief and a motion to withdraw.  Our independent review reveals no arguable ground for reversal, though it

---

[1] *See* TEX. PENAL CODE § 31.03(e)(4)(D).

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

discloses two matters requiring modification of the judgment and the bill of costs. We modify accordingly, affirm as modified, and grant counsel's motion to withdraw.

## BACKGROUND

On September 6, 2024, Appellant and her adult son, Michael Settle, entered a Walmart store in Canyon, Randall County. The store's asset-protection team observed them at the self-checkout registers, where Michael scanned and bagged approximately $760 worth of grocery items into Appellant's cart. During checkout, Appellant produced from her purse a receipt appearing to reflect a prior purchase of similar items. She then pushed the cart past the last point of sale toward the store exit, where asset-protection personnel stopped her.

When confronted, Appellant presented the receipt as proof of payment. Store personnel identified the receipt as counterfeit. The register listed on the produced receipt was on the opposite side of the store, no payment had been tendered at the register the Settles used, and several of the items listed on the receipt did not match the items in the cart. Appellant left the store without the merchandise, stating she would contact her attorney, and did not return.

Appellant was later charged by indictment with theft. The indictment included two jurisdictional enhancement paragraphs alleging prior theft convictions from Potter County in 2013 and 2014. Appellant stipulated to those prior convictions. At the close of evidence, the jury found her guilty. At punishment, the State offered evidence of additional prior offenses; the defense called two witnesses, including Appellant, who requested community supervision. The trial court sentenced Appellant to eight years of

2

confinement in the Institutional Division of the Texas Department of Criminal Justice, ordered her to pay court costs and court-appointed attorney's fees, and imposed no fine. This appeal followed.

## ANDERS REVIEW

When appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel must also serve the client with a copy of the brief and the motion to withdraw and inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the entire record to determine whether any nonfrivolous issue exists. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Counsel has certified that, after diligently searching the record, he has found no reversible error upon which an appeal can be predicated. He provided Appellant with a copy of the *Anders* brief, the motion to withdraw, and the appellate record, and he notified her of her rights to file a pro se response and to seek discretionary review. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant filed a pro se response, which we have considered.

Our independent review confirms counsel's assessment that the appeal is wholly frivolous, subject to one matter that requires modification of the judgment and the bill of

costs. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). Appellant's pro se response asserts that her right to due process was violated because she was incompetent at the time of trial. *See* TEX. CODE CRIM. PROC. art. 46B.004. After reviewing Appellant's pro se response and the record, we find there is no arguable ground for reversal. *See Bledsoe*, 178 S.W.3d at 827–28.

The bill of costs assesses a $15.00 time payment fee. Because Appellant's offense occurred on September 6, 2024, the fee is governed by article 102.030 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 102.030(a). The Court of Criminal Appeals has held that the pendency of an appeal stops the clock for purposes of that fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Any time payment fee assessed while an appeal is pending must be stricken in its entirety, without prejudice to reassessment after the appellate mandate issues. *Id.*

Here, the $15.00 fee was assessed while this appeal was pending. We therefore modify the bill of costs to delete it, without prejudice to reassessment if Appellant fails to timely pay the amounts owed after the mandate issues. *See id.*[3]

---

[3] A related note concerns court-appointed attorney's fees. At sentencing, the trial court orally ordered Appellant to pay such fees, but the written judgment contains no such order, and the bill of costs contains no corresponding line item. Nevertheless, the bill of costs states that other fees, including those flowing from an "Order to Pay Court Appointed Attorney," may be added later. Attorney's fees for court-appointed counsel are court costs, not punishment, and are enforceable only when supported by a certified bill of costs. *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009); *Johnson v. State*, 423 S.W.3d 385, 392–96 (Tex. Crim. App. 2014). Because no such assessment appears in the record, there is nothing presently to modify. A trial court may order a defendant to pay attorney's fees only when the court determines, on a record-supported basis, that the defendant has the financial resources to offset the cost of the legal services provided. TEX. CODE CRIM. PROC. art. 26.05(g); *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

## CONCLUSION

We modify the bill of costs to delete the $15.00 time payment fee. The district clerk is directed to prepare and file an amended bill of costs reflecting the modification and to furnish a copy to this Court, Appellant, and the Texas Department of Criminal Justice. This modification extends to any order to withdraw funds from Appellant's inmate account. *See* TEX. GOV'T CODE § 501.014(e); *Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). As modified, the judgment is affirmed. Counsel's motion to withdraw is granted.[4]

Lawrence M. Doss
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and continues after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.